IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DECTOR ROBINSON,

                Plaintiff,

v.                                                                                                     OPINION and ORDER

ANTHONY HENTZ, PAULINE HULSTEIN,                                           19-cv-258-jdp
and TAMMY MAASSEN,

                Defendants.

---

      Plaintiff Dector Robinson, who is incarcerated at Jackson Correctional Institution (JCI), contends that he received inadequate medical treatment from JCI employees when he suffered a series of strokes. I screened Robinson's pro se complaint under 28 U.S.C. §§ 1915 and 1915A, giving him leave to proceed on claims against defendant JCI nurses Anthony Hentz and Pauline Hulstein. Dkt. 6. I then granted Robinson's motion for assistance in recruiting counsel, Dkt. 22, after which attorney Lonnie Story agreed to represent him, Dkt. 23.

      After he obtained representation, Robinson filed an amended complaint in which he sought to add a claim against a new defendant, Tammy Maassen, JCI's nursing supervisor. Dkt. 25. Although I haven't yet screened Robinson's amended complaint, the Department of Justice has accepted service on behalf of Maassen, and defendants have answered the amended complaint. Maassen asks me to dismiss Robinson's claim against her because he hasn't alleged that she was personally involved in the violation of his rights. Dkt. 28. Because I conclude that Robinson has stated a claim against Maassen, I will give him leave to proceed against her and deny her motion to dismiss.

ALLEGATIONS OF FACT

The following facts are drawn from Robinson's amended complaint, and they are taken as true for the purpose of screening the amended complaint and for deciding Maassen's motion to dismiss.

On October 2, 2018, Robinson collapsed in his cell at around 6:30 a.m. He was taken to JCI's Health Services Unit (HSU), where Hentz and Hulstein evaluated him. Robinson reported that he was experiencing numbness on the right side of his face, shortness of breath, and dizziness, and he said that he couldn't feel the right side of his body. Hulstein diagnosed Robinson as suffering from a severe migraine. Robinson disagreed with the diagnosis and began to cry. Hentz asked why Robinson was crying, and he replied, "Something is wrong, you are not listening and I am scared." Dkt. 25, ¶ 21.

Hentz and Hulstein took Robinson into an observation room and helped him into a bed, then left the room. At some point (Robinson doesn't say when), he began to feel severe pain, so he pushed the call button for assistance. Hentz and Hulstein returned, and Robinson again said, "Something is wrong with me." Hentz and Hulstein ignored his complaint and again left him alone in the observation room.

About six and a half hours later, an HSU physician examined Robinson and quickly diagnosed him with a stroke. He told Hentz and Hulstein, "He's having a stroke, get him out of here!" *Id.*, ¶ 25. Robinson was taken to a nearby hospital shortly afterwards, where he was diagnosed with a series of hemorrhagic strokes.

Defendant Tammy Maassen was JCI's nursing supervisor at the time. Robinson says that "Maassen was on notice of a widespread practice at JCI of nursing staff ignoring the serious medical needs of detainees." *Id.*, ¶ 33. He says that JCI staff "commonly fail or refuse to"

2

properly examine inmates, provide proper medication, respond to inmates' requests for medical assistance, respond to detainees with obviously serious medical needs, and adequately staff the prison to respond to inmates' needs. *Id.*, ¶ 34. Despite knowing about these problems, Maassen did nothing to correct them. She "directly encourage[d]" these problems "by failing to adequately train, supervise, and control medical personnel, and by failing to adequately punish and discipline prior instances of similar misconduct." *Id.*, ¶ 35.

ANALYSIS

As a preliminary matter, I note that Robinson should have requested leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2), which says that I should give Robinson leave to amend his complaint "when justice so requires." Defendants haven't objected to Robinson's filing an amended complaint, and Robinson filed his amended complaint less than three months after he obtained representation. So I will give Robinson leave to amend his complaint.

When I screened Robinson's pro se complaint, I gave him leave to proceed on claims against Hentz and Hulstein under the Eighth Amendment to the United States Constitution and Wisconsin medical-malpractice law. In his amended complaint, he reiterates his Eighth Amendment claims against Hentz and Hulstein, which I do not need to screen again. But he says nothing about malpractice in his amended complaint, so I take him to have abandoned his malpractice claims against Hentz and Hulstein, and I will dismiss those claims without prejudice.

The only claim that Robinson seeks to add in his amended complaint is an Eighth Amendment claim against Maassen, which she contends must be dismissed for failure to state

3

a claim. Screening Robinson's amended complaint turns on the same questions raised in Maassen's motion, so I will analyze the two issues together.

Maassen did not file a brief in support of her motion, which contains only two paragraphs of argument. In her motion, she says that Robinson has failed to state an Eighth Amendment claim against her because he hasn't alleged that she was personally involved in the deprivation of his rights. *See, e.g., Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) ("For a defendant to be liable under [42 U.S.C.] § 1983, he or she must have participated directly in the constitutional violation."). Under this principle, for a supervisor to be liable under § 1983 for a subordinate's actions, she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [she] might see." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (internal quotation marks omitted). In other words, to state an Eighth Amendment claim against Maassen, Robinson must allege that she was aware of a substantial risk of injury to him, or to inmates in general, but failed to take appropriate steps to protect them from the danger and deliberately chose a course of action that directly caused injury to Robinson. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002).

Robinson's allegations satisfy this standard. He says that Maassen was aware that JCI medical staff under her supervision routinely failed to respond to inmates' requests for medical assistance. He says that Maassen didn't discipline her subordinates for their failures and did nothing to correct serious problems of which she was aware. And he says that Maassen's failure to act led to a delay of several hours before he received treatment for his strokes. At summary judgment, Robinson will, of course, have to adduce evidence to support these allegations. But they're enough to survive Maassen's motion to dismiss.

In her two-page reply brief, Maassen contends that she wasn't in a position to intervene because Robinson says that he was misdiagnosed, a mistake that isn't attributable to her. Maassen has waived this argument by raising it for the first time in her reply brief. *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 636 (7th Cir. 2018). But even if Maassen hadn't waived the argument, it would fail. Although Robinson does say that he was misdiagnosed, he also says that Hentz and Hulstein ignored his repeated requests for assistance, which is part of the systemic problem that he alleges Maassen has allowed to exist at JCI. Accordingly, I will deny Maassen's motion to dismiss.

## ORDER

IT IS ORDERED that:

1. Plaintiff Dector Robinson is GRANTED leave to file his amended complaint, Dkt. 25.

2. Robinson is GRANTED leave to proceed on an Eighth Amendment claim against defendant Tammy Maassen.

3. Robinson's medical-malpractice claims against defendants Anthony Hentz and Pauline Hulstein are DISMISSED without prejudice.

4. Maassen's motion to dismiss, Dkt. 28, is DENIED.

Entered March 23, 2021.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge